## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **VICKIE L. JAMES,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2018-233-1** |
| | ) | 3:23-cv-302-DPJ-FKB |
| **REHABILITATION CENTERS, LLC** | ) | |
| **d/b/a MILLCREEK OF MAGEE,** | ) | **JURY DEMAND** |
| **ACADIA HEALTHCARE, PEDRONIA** | ) | |
| **FAY WINN, AND JOHN AND JANE** | ) | |
| **DOES I-X,** | ) | |
| | ) | |
| **Defendants.** | ) | |

___

### NOTICE OF REMOVAL

___

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Rehabilitation Centers, LLC d/b/a Millcreek of Magee ("Millcreek") and Acadia Healthcare ("Acadia") (collectively "Defendants") hereby provide notice of removal of this action from the Circuit Court of Simpson County, Mississippi, 13th Judicial District, Civil Action No. 2018-233-1, to this Court.  In support of removal, Defendants state as follows:

### A. STATE COURT ACTION

1.      This action was commenced on July 19, 2018 in the Circuit Court of Simpson County, Mississippi, styled as *Vickie L. James v. Rehabilitation Centers, LLC d/b/a Millcreek of Magee, Acadia Healthcare, Pedronia Winn, and John and Jane Does I-X.*  A copy of all process, pleadings, and orders is attached hereto as Exhibit A.

2.      In the Complaint, Plaintiff alleged two causes of action: (1) retaliatory discharge in violation of Mississippi common law ("the *McArn* Claim") against the two corporate defendants

and then just recently dismissed individual defendant, Pedronia Winn ("Winn"); and, (2) intentional interference with contract against only Winn.

3.      On April 14, 2023, Circuit Judge Sorey dismissed Winn with prejudice.

**B.  DIVERSITY BETWEEN THE PARTIES AND AMOUNT IN CONTROVERSY**

4.      Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within 30 days of becoming removable.

5.      Plaintiff alleges in the Complaint that she is a citizen of Simpson County, Mississippi.  *See* Exhibit A, Complaint at ¶ 1 (Doc. # 4). Upon information and belief, Defendants assert that Plaintiff is still a citizen of the State of Mississippi.

6.      Acadia is a Delaware corporation with a principal place of business located at 6100 Tower Circle, Suite 100, Franklin, TN 37067.  A corporation (such as Acadia) is a citizen of its state of incorporation and the state where it has its principal place of business.  *Id*.  Accordingly, Acadia is a citizen and resident of Delaware and Tennessee.

7.      Millcreek is a limited liability company and its sole member is Acadia (a Delaware corporation with a principal place of business located in Tennessee).  For purposes of diversity jurisdiction, the citizenship of a limited liability company (such as Millcreek) is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see* also 42 U.S.C. § 1441(b)(2).  As established above, Acadia is a citizen of Delaware and Tennessee and, therefore, Millcreek is also a citizen of Delaware and Tennessee.

8.      Thus, complete diversity exists between the remaining parties and this Court has jurisdiction pursuant to 29 U.S.C. § 1332.

2

9.      Plaintiff did not disclose the specific amount of damages she is seeking in the Complaint.  Based on a fair reading of the Complaint and prior settlement discussions, however, it is clear Plaintiff seeks in excess of $75,000, exclusive of interest and costs.

10.     Plaintiff says in the Complaint that she is seeking damages for the following:

> a.  back pay with prejudgment interest or front pay, lost employment benefits, compensation for past and future non-pecuniary losses including mental and emotional pain and suffering, attorneys' fees, and court costs;

> b.  compensatory damages and punitive damages for the intentional, malicious, and negligent conduct of Defendants.

*See* Exhibit A, Complaint at ¶¶ 25-26, a-f.

11.     "Mississippi's federal courts have held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.'" *Anazia v. Allstate Prop. & Cas. Ins. Co.*, 2020 WL 1955263, *2 (S.D. Miss. Apr. 23, 2020).  Thus, Plaintiff's request for damages for emotional pain and suffering alone, if awarded, could exceed the requisite amount in controversy.

12.     Plaintiff also seeks all other damages available under the law.  *See* Exhibit A, Complaint at ¶¶ 25, f.  Courts have "frequently held that such circumstances make it facially apparent that the amount in controversy exceeds $75,000." *Camargo v. Gino Morena Enterprises, L.L.C.*, 2010 WL 3516186, *3 (W.D. Tex. Sept. 2, 2010).

13.     "Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n. 7 (5th Cir. 1998); *Simon v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-CV-00028, 2018 WL 5410933, *2 (N.D. Miss. Oct. 29, 2018) ("The Fifth Circuit made clear that when calculating the amount in controversy, punitive damages should be included.").  A jury may award punitive damages in a *McArn* action.  *Cmty. Care Ctr. of Aberdeen v. Barrentine*,

160 So. 3d 216, 218 (Miss. 2015).  Here, Plaintiff alleges she was subjected to intentional, malicious, and/or grossly negligent conduct by Defendants and demands punitive damages. Exhibit A, Complaint at ¶ 26.  Moreover, "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Anazia v. Allstate Prop. & Cas. Ins. Co.*, 2020 WL 1955263, at *2 (S.D. Miss. Apr. 23, 2020) (quoting *Anderson v. Wells Fargo Bank*, 2015 WL 4775356, at *2 (S.D. Miss. 2015).  Here, Plaintiff demands an unspecified amount of punitive damages in this matter.  *See* Exhibit A, Complaint at ¶ 26.

14.    Courts have held that the amount sought in a pre-removal settlement demand "is valuable evidence to indicate the amount in controversy at the time of removal."  *See Leonard v. Sentry Select Ins. Co.*, 2016 WL 1393382, *3 (M.D. La. Mar. 11, 2016).  Plaintiff's last settlement demand exceeded $100,000 and shows that the requisite amount in controversy exists.  *Rhodes v. FDJ Trucking, LLC*, 2022 WL 17620281, *3 (N.D. Miss. Dec. 13, 2022).

15.    Based on the foregoing, the preponderance of the evidence shows that the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(1)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Carter v. Westlex Corp.*, 643 F. App'x 371, 375 (5th Cir. 2016) ("[T]his allegation should be accepted when not contested by the plaintiff or questioned by the court[.]" (citing *Dart*)).

#216487681_v2

16.    Thus, removal is proper based on diversity under 28 U.S.C. § 1441(b) and § 1446(c).  *See* 28 U.S.C. § 1446(c)(2)(B).

**B.  THE TIME LIMITATION IN 28 USC § 1446 DOES NOT BAR REMOVAL**

17.    Defendants believe and assert in good faith that the one year removal period in 28 USC § 1446(c) is inapplicable here and that they have a legitimate basis for seeking removal because Plaintiff acted in bad faith in naming Defendant Winn as a party and then refusing to dismiss her, even after discovery made clear that she was not a proper party when Plaintiff testified that she did not believe the allegations in the Complaint about Winn were true and Winn was rendered functionally incompetent by COVID.  Plaintiff's inclusion of Winn as a party defendant and her subsequent steadfast refusal to dismiss Winn even in the light of overwhelming evidence (much of which she conceded) precluded Defendants Millcreek and Acadia from removing the action until Judge Sorey granted Winn's Motion for Summary Judgment.  *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019) ("Congress created an exception to this time bar where the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

18.    Bad faith can be established by demonstrating that the Plaintiff's conduct "meant to prevent a defendant from removing the action." *Id*. at 293.

19.    Plaintiff knew at the outset of this litigation that the evidence would not support her claims against Winn and included her as a party defendant solely so that there would not be complete diversity and Defendants could not remove to federal court.  In her Complaint, she alleged that Winn was upset with her for reporting allegations of abuse and threatened to terminate her, stating that she would get rid of her (Plaintiff) before terminating the alleged abuser. *See* Exhibit A, Complaint at ¶ 13 (Doc. #4).  Yet, when deposed, Plaintiff admitted that she never had

any issues with Winn and that the allegations in her Complaint that Winn threatened to terminate her (Plaintiff) were untrue.

20.     To prevail on her individual *McArn* claim against Defendant Winn, Plaintiff would have only had to show that Defendant Winn acted outside of the scope of her employment. Plaintiff admitted in her response to Defendants' Motion for Summary Judgment that she "agree[d] the wrongful termination case does not lie against Winn individually." Doc. No. 75 at 27. She did not make any effort to depose Winn during discovery so she cannot reasonably claim that she learned something new from Winn during discovery that caused her to suddenly realize that Winn was not individually liable under *McArn*. And, as noted previously, Plaintiff admitted during her deposition that she **never** had any issues with Winn.

21.     To prevail on her intentional interference claim, Plaintiff would have had to establish that Winn was acting outside of the course and scope of an employment – which she had already conceded that she could not – and that she acted with bad faith. Plaintiff presented no evidence during the course of litigation that Winn acted in bad faith. Indeed, as noted previously, Plaintiff admitted during her deposition that she **never** had any issues with Winn. *See generally* Exhibit A, Response in Opposition to Motion for Summary Judgment (Doc. #75 at 27).

22.     Moreover, Plaintiff never attempted to engage in settlement discussions regarding Defendant Winn and dismissed her intentional interference claim against Defendant Winn without consideration.

23.     Plaintiff's actions regarding Winn indicate that she was attempting to avoid federal jurisdiction. *See Hoyt*, 927 F.3d at 292-93 (when determining bad faith, the Fifth Circuit discussed, *inter alia*, the plaintiffs' knowledge that evidence would not support the claims against non-diverse

6

defendant and whether the plaintiffs received consideration for their dismissal of the non-diverse defendant).

### C.  VENUE

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it embraces the 13th Judicial District in Simpson County, Mississippi, the place where this action was pending.

25.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiff's counsel and upon the Circuit Court of Simpson County, Mississippi, 13th Judicial District.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

26.     By filing this Notice of Removal, Defendants do not waive, either expressly or impliedly, their respective rights to assert any defense or privilege either could have asserted in the Circuit Court of Simpson County, Mississippi, 13th Judicial District.  Defendants reserve the right to amend or supplement this Notice of Removal.

/s/ Cynthia T. Lee
Cynthia T. Lee (MS Bar No. 105067)
Mark. W. Peters *(Pro Hac Vice Application Forthcoming)*
HOLLAND & KNIGHT, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee  37219-8966
Telephone: (615) 244-6380
Facsimile:  (615) 244-6804
cynthia.lee@hklaw.com
markwpeters@hklaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served *via* the Court's electronic filing system upon the following:

John F. Hawkins, Esq.
P.O. Box 24627
Jackson, MS 39225-4627
john@hgaattorneys.com

Joshua P. Ginn Attorney at Law, PLLC
567 Highway 51, Suite D
RIDGELAND, MS 39157
601-790-9344
Fax: 601-885-4563
Email: jpginn@gmail.com

on this the 12th day of May 2023.

*/s/ Cynthia T. Lee*      

#216487681_v2