# EXHIBIT A

IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

VICKIE L. JAMES                                                        PLAINTIFF

V.                                                          CAUSE NO. 2018-233-1

REHABILITATION CENTERS, LLC D/B/A
MILLCREEK OF MAGEE, ACADIA HEALTHCARE,
PEDRONIA FAY WINN,
and JOHN AND JANE DOES I-X                                            DEFENDANTS

## COMPLAINT
### (Jury Trial Requested)

COMES NOW the Plaintiff, Vickie James, and files this civil action for damages against the Defendants, Rehabilitation Centers, LLC d/b/a Millcreek of Magee, Acadia Healthcare Company, Inc., Pedronia Fay Winn and John and Jane Does I-X. Plaintiff states the following in support of her Complaint:

## PARTIES

1.      Plaintiff, Vickie L. James, is an adult resident citizen of Smith County, Mississippi residing at 510 Pine Street NW, Magee, Mississippi 39111.

2.      Defendant Rehabilitation Centers, LLC d/b/a Millcreek of Magee (sometimes referred to herein as Millcreek) is a Mississippi Limited Liability Company operating as a psychiatric residential treatment center. Millcreek is a member facility of Defendant Acadia's behavioral healthcare facility network. This defendant may be served by delivering a copy of the Complaint and Summons to the facility in Magee, Mississippi and/or its registered agent for service of process C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

FILED

JUL 19 2018

SIMPSON COUNTY
CIRCUIT COURT

3.      Defendant, Acadia Healthcare Company, Inc. a/k/a Acadia Healthcare (sometimes referred to herein as "Acadia") is a provider of behavioral healthcare services and is the sole member of Defendant Rehabilitation Centers LLC d/b/a Millcreek of Magee.  Acadia Healthcare is a publicly traded company with its corporate headquarters located at 6100 Tower Circle, Suite 100, Franklin, Tennessee, 37067.  Acadia was established in 2005 to acquire, develop and operate behavioral healthcare facilities, including Millcreek of Magee.  As of March 31, 2018, Acadia operated a network of 584 behavioral healthcare facilities, with approximately 17,800 beds in 40 states, the United Kingdom and Puerto Rico.  Acadia can be served by delivering a copy of the Complaint and Summons to its corporate headquarters located at 6100 Tower Circle, Suite 100, Franklin, Tennessee, 37067 and/or by delivering a copy of the summons and complaint to Millcreek of Magee located at 900 1st Avenue NE, Magee, Mississippi 39111.

4.      Defendant, Pedronia Fay Winn is an adult resident citizen of Simpson County, Mississippi residing at 194 Big V Road, Apartment V, Mount Olive, Mississippi 39119.  This Defendant can be served by delivering a copy of the Complaint and Summons to her at her work address, Millcreek of Magee, 900 1st Avenue NE, Magee, Mississippi 39111, or, at her residential address located at 194 Big V Road, Apartment V, Mount Olive, Mississippi 39119

5.      John and Jane Does I-X are persons and/or entities who may be liable to the Plaintiff whose identities, domicile and whereabouts are unknown to the Plaintiff at this time. Plaintiff reserves the right to amend this Complaint to include said parties as they become known.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the parties and the subject matter herein.

7.     Venue is proper in Simpson County since Millcreek of Magee is located is located in Simpson County and certain of the acts, omissions and events on which the claims are based herein occurred in Simpson County.

## FACTUAL BACKGROUND

8.     Plaintiff was employed by Defendant Acadia/Millcreek of Magee as a supervisor on or about June 8, 2015. From the date she was hired to the date she was wrongfully terminated, Ms. James never received any kind of reprimand and all her reviews reflected that she met expectations. (See Review History attached hereto as Exhibit "B").

9.     On or about March 2, 2018, at 7:08 A.M., Tracy Tatum contacted Plaintiff and stated that she and Waverlyn Payne observed Tinga Sullivan hitting a child at the facility. This type of criminal assault violates Acadia's/Millcreek's workplace safety rules as well as its expectations of employee behavior and patient abuse policies. Such physical violence and assault of a patient not only violates the Defendants' policies and procedures but is recognized as criminal behavior that Acadia/Millcreek will prosecute to the full extent of the law. Such criminal, abusive conduct is required to be reported by employees such as Plaintiff and constitutes grounds for immediate termination of the perpetrator of the abuse.

10.     Ms. Tatum reported to Plaintiff that she heard the child getting licks. Ms. Tatum reported that she saw the child grab his face and start crying. She reported that she heard the perpetrator, Ms. Tinga Sullivan saying to the child "all I was trying to do is check to see if you was wet." Then Ms. Tatum reported that she saw Ms. Waverlyn Payne picking up the child up off of the floor. Ms. Tatum reported that Ms. Payne told her that Ms. Tinga hit the child in the back with her fist and he fell on the floor. (See redacted Progress Note attached hereto as Exhibit "A"). Ms. James instructed Ms. Tatum to write up an incident report.

11.     At approximately 8:30 A.M. that same day, Ms. James contacted Waverlyn Payne.  Ms. Payne reported that she heard slapping sounds.  Ms. Payne reported that when she turned around to see what was going on, she saw the child in the floor.  Ms. Payne picked the child up and sat him on the sofa.  She reported that Tinga Sullivan then hit the child in the back with her fist and knocked the child over.

12.     Plaintiff took her concerns to Jamie Collins, Risk Manager, instead of Pedronia Winn, Program Director.  Plaintiff had reported similar allegations in the past to Ms. Winn and nothing was ever done.  Ms. Collins said she would look into the allegations.

13.     Pedronia Winn, Program Director, was very upset and called Ms. James into the office.  Without first performing an investigation of the incident, she stated that Ms. James, Tracy Tatum and Waverlyn Payne had made the story up.  Ms. Winn went on to threaten Plaintiff, telling her she would get rid of Plaintiff before terminating Tinga Sullivan (abuser).

14.     Unbelievably, despite the report of criminal conduct/patient abuse and in clear violation of Acadia's safety rules, Tinga Sullivan was permitted to continue working throughout the weekend, placing patients and others in danger of possible physical assault.  Finally, on Tuesday, March 6, 2018, following an investigation, Ms. Sullivan was placed on administrative leave.

15.     Two days later, on March 8, 2018, Pedronia Winn terminated Ms. James' employment for alleged insubordination.  The alleged insubordination Winn used as the basis for terminating Ms. James occurred approximately three weeks before Plaintiff reported the criminal conduct in question.  The matter involved the fact that Ms. James had approved a vacation request for an employee three weeks earlier.  Pedronia Winn instructed Ms. James to deny the vacation request but the request had already been approved.  Ms. Winn did not write up Ms.

James or otherwise reprimand her about the grant of the vacation request until she used it as a

pretext for terminating Plaintiff.  The true reason Winn fired Ms. James was her report of Tinga

Sullivan's criminal assault of a child to the risk manager – a report that was required under

Mississippi law, Acadia's policies and procedures and in the interest of public policy of the state

of Mississippi.

## CAUSES OF ACTION

### I. RETALIATION AND WRONGFUL TERMINATION OF EMPLOYMENT

16.    The averments of the foregoing paragraphs are incorporated herein as if set forth
at length below.

17.    Plaintiff was discharged from her employment on March 9, 2018 in retaliation for
reporting criminal conduct.  Plaintiff's discharge did not relate to her job duties, but related to a
malicious desire by Defendant to hide or obscure the fact of patient abuse.

18.    Plaintiff was the victim of workplace retaliation by Defendant Winn, individually,
and in her capacity as an employee/agent of Acadia/Millcreek of Magee.

19.    As a result of being wrongfully terminated, Ms. James has sustained damages
including lost wages and benefits, substantial embarrassment and damage to her reputation,
significant anxiety and emotional distress.

20.    Plaintiff was discharged because she reported illegal activity (abuse of a child) in
violation of Mississippi's public policy exception to the employment at will rule.  Defendant
Winn is liable individually and Defendant Acadia/Millcreek is liable under the doctrine of
*respondeat superior* and under principles of agency.  Additionally, Acadia/Millcreek is liable for
negligent training and supervision of its employees, which caused or contributed to the wrongful
termination and damages to plaintiff and for ratifying the wrongful termination in question.

Case: 164 Document #4 Filed 07/13/2018 — Page 6 of 11

## I64 INTERFERENCE WITH EMPLOYMENT CONTRACT AGAINST WINN

21.     The allegations in the foregoing paragraphs of the complaint are incorporated under this cause of action by reference.

22.     Defendant Pedrovia Winn, not acting in any privileged capacity, wrongfully interfered with plaintiff's contract of employment in violation of Mississippi law causing plaintiff damages.  Winn falsely accused plaintiff of making up the allegation of patient abuse to protect the perpetrator, Tinga Sullivan.  After the investigation revealed the allegation to be well-founded, Ms. James used a false basis to terminate Ms. James – an alleged act of insubordination that had occurred three weeks earlier relating to giving another employee time off for a vacation.

23.     As set forth above, Winn had failed to take prior reports of similar wrongdoing seriously.  Knowing this, plaintiff reported the patient abuse at issue to the risk manager, Ms. Collins, who did look into the matter and take action.  This upset Winn because plaintiff went over her head and because adverse action was taken against Tinga Sullivan, the employee Winn had threatened she would support over Plaintiff.   True to her word, Winn terminated Plaintiff because she reported Sullivan's criminal wrongdoing and by doing so she interfered with Plaintiff's employment contract and violated Mississippi law.

## DAMAGES

24.     The averments of the foregoing paragraphs are incorporated herein as if set forth at length below.

25.     Ms. James intends to seek all damages available under the law including, but not limited to, appropriate back pay with prejudgment interest, reinstatement, or front-pay, as appropriate, as well as compensation for past and future non-pecuniary losses including mental and emotional pain and suffering.

26.     Plaintiff seeks punitive damages for the intentional, malicious and/or grossly negligent conduct of Defendants.  Terminating an employee in violation of the safety rules of the defendant, in violation of the public policy of the state of Mississippi and, indeed for reporting criminal abuse of a child is the type of wrongful, egregious conduct for which defendants should be punished and others should be deterred from committing.  Therefore, provided the jury returns a compensatory award in this case, the jury should be permitted to consider whether to award punitive damages against defendants.

## DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment of and from Defendants as follows:

a.      In a total amount as allowed by law as compensatory or actual damages including for lost wages and earnings, future lost earnings, lost employment benefits and damages for emotional pain and suffering;

b.      In a total amount as allowed by law as punitive, exemplary, and/or punishing damages;

c.      Reasonable attorneys' fees;

d.      Pre and post-judgment interest;

e.      All costs of court;

f.      Any and all other damages not specifically pled available under Mississippi law.

Respectfully submitted, this the 16th day of July, 2018.

VICKIE JAMES - PLAINTIFF

By:

John F. Hawkins

OF COUNSEL:

John F. Hawkins, Esquire (MSB#9556)
Hawkins | Gibson, PLLC
Post Office Box 24627
Jackson, MS 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com

REHABILITATION CENTERS, LLC
d/b/a Millcreek

PROGRESS NOTES

Last, First Name: _____   _____   Clinical Record #: _____

| DATE /TIME | Cred. | PROGRESS NOTES |
|---|---|---|
| | | On 3-2-18 during dayshift while I |
| | | was charting I heard a loud noise and |
| | | when I looked up                    had |
| | | grab this face and had started crying |
| | | I heard Mrs. Tina say all I was |
| | | trying to do is check to see if you |
| | | was wet. I remained charting and |
| | | then seen Mrs. Waverly picking |
| | | up off the floor. Mrs. |
| | | Waverly stated that Mrs. Tina hit |
| | | him in the back with her fist |
| | | and he fell on the floor I didn't |
| | | see when she hit him but I |
| | | did see when Mrs. Waverly was |
| | | picking                    up and telling |
| | | don't cry its gonna be |
| | | alright. Mrs. Waverly stated that |
| | | she would stand behind me if |
| | | she had to on the matter. Mrs. |
| | | Vickie was notified of the matter |
| | | and she told me to write up a |
| | | statement. |
| | | Tracy Tatum |
| | | |
| | | |

Reviewed: 09 07 17



Form 5.0

**Vickie Lynn James - 000035057 - Acadia Healthcare Company Inc**

# Review History

| Effective | Type | Job | Rating | Reviewer |
|---|---|---|---|---|
| 11/30/2017 | Salary Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 11/30/2017 | Annual Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 05/02/2017 | Salary Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 05/02/2017 | Annual Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 07/03/2016 | 90 Day Review | QMRP - QIDP (Federal) | **Met Expectations** | Pedronia Winn |
| 08/30/2015 | 90 Day Review | BEHVASST - Behavioral Health Asst | **Met Expectations** | Katrina Griffith |



EXHIBIT

B

## Vickie Lynn James - 000035057 - Acadia Healthcare Company Inc

## Review History

| Effective | Type | Job | Rating | Reviewer |
|---|---|---|---|---|
| 11/30/2017 | Salary Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 11/30/2017 | Annual Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 05/02/2017 | Salary Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 05/02/2017 | Annual Review | UNITCRDS - Unit Coordinator Sal | **Met Expectations** | |
| 07/03/2016 | 90 Day Review | QMRP - QIDP (Federal) | **Met Expectations** | Pedronia Winn |
| 08/30/2015 | 90 Day Review | BEHVASST - Behavioral Health Asst | **Met Expectations** | Katrina Griffith |